| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | MEMORANDUM, ORDER,<br>AND JUDGMENT |

| |
|---|
| In re: ZYPREXA PRODUCTS LIABILITY LITIGATION |

04-MD-1596

| |
|---|
| ARTHUR R. SWANEY, II,<br><br>               Plaintiff,<br><br>   – against –<br><br>ELI LILLY & COMPANY, CLEVELAND CLINIC FOUNDATION, CLEVELAND CLINIC HOSPITALS, MICHAEL MURRAY, M.D., WALGREEN(S) PHARMACY(S) FRANCHISES, WALGREEN(S) DRUG STORES, COMPANIES WALGREEN(S) PHARMACY(S) LOCAL LOCATION 15609 LAKESHORE BLVD., CLEVELAND, OHIO 44110,<br><br>               Defendants. |

11-CV-75

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 1 5 2011 ★
BROOKLYN OFFICE



**Appearances:**

For the Plaintiff:

    Arthur R. Swaney, II, *pro se*
    Euclid, OH

For Defendant Eli Lilly and Company:

    Nina M. Gussack
    Eric Rothschild
    Seth R. Oltman
    Pepper Hamilton LLP
    Philadelphia, PA

1



For Defendant Walgreens:

    Robin G. Weaver
    Squire Sanders & Dempsey LLP
    Cleveland, OH

For Defendants Cleveland Clinic Foundation,
Cleveland Clinic Hospitals, Michael Murray, M.D.:

    Edward E. Taber
    Kathleen A. Atkinson
    Tucker Ellis & West LLP
    Cleveland, OH

**JACK B. WEINSTEIN, Senior United States District Judge:**

## Table of Contents

| | | |
|---|---|---|
| I. | Introduction | 2 |
| II. | Background of Zyprexa Litigation | 3 |
| III. | Factual and Procedural History | 5 |
| IV. | Law | 5 |
| A. | Summary Judgment Standard | 5 |
| B. | Governing Law | 6 |
| C. | Statute of Limitations | 7 |
| D. | *Erie* Doctrine and Ohio Affidavit of Merit Requirement | 8 |
| V. | Application of Law to Facts | 9 |
| VI. | Conclusion | 10 |

## I. Introduction

Plaintiff Arthur R. Swaney, II, sued defendants Eli Lilly & Company ("Lilly"), the Cleveland Clinic Foundation, the Cleveland Clinic Hospitals, Michael Murray, M.D. (the

"Cleveland defendants"), and various Walgreens entities ("Walgreens"), alleging that his diabetes, high cholesterol, and heart disease were caused by his treatment from 2001 to 2004 with Zyprexa, a drug manufactured by Lilly. The defendants move for summary judgment and to dismiss the complaint. For the reasons that follow, defendants' motions are granted.

## II.     Background of Zyprexa Litigation

The present case is part of a massive and highly complex multidistrict litigation that has included claims by individual Zyprexa users, state attorneys general, third-party payors, and other entities alleging physical or financial injury. Some 30,000 cases have been brought against Lilly by individual plaintiffs suffering from serious psychiatric problems who were treated with Zyprexa. Like the present plaintiff, they principally allege that Zyprexa caused deleterious side effects, including excessive weight gain, hyperglycemia, and diabetes; that Lilly misled them and their physicians about the likelihood of these side effects; and that, had they or their attending physicians been aware of the risks, they would not have taken Zyprexa. The court has previously detailed the procedural history and factual background of this multidistrict litigation. *See, e.g., Mississippi v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, 671 F. Supp. 2d 397 (E.D.N.Y. 2009); *Blume v. Eli Lilly & Co. (In re Zyprexa Prods. Liab. Litig.)*, Nos. 04-MD-1596, 06-CV-2782, 2009 WL 3596982 (E.D.N.Y. Oct. 20, 2009).

Tens of thousands of individual claims have already been disposed of under the court's supervision. In view of the large number of cases recently filed in this national Zyprexa litigation and the numerous substantially similar motions for summary judgment that have been decided, a short, summary order disposing of such motions is desirable except where unusual circumstances require special analysis. Repeated summary judgment motions and decisions have

established a pattern applicable over a wide range of state laws. *See Souther v. Eli Lilly & Co.*, 489 F. Supp. 2d 230 (E.D.N.Y. 2007) (applying Pennsylvania law and granting summary judgment with respect to one plaintiff on statute of limitations; applying Florida and North Carolina law and denying summary judgment with respect to three other plaintiffs); *Singer v. Eli Lilly & Co.*, No. 06-CV-1338, 2009 WL 1404978 (E.D.N.Y. May 19, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, 396 F. App'x 715 (2d Cir. 2010) (summary order); *Clark v. Eli Lilly & Co.*, No. 06-CV-1600, 2009 WL 1514427 (E.D.N.Y. May 29, 2009) (applying Pennsylvania law and granting summary judgment on learned intermediary doctrine and lack of causation); *Ortenzio v. Eli Lilly & Co.*, No. 07-CV-987, 2009 WL 1514628 (E.D.N.Y. June 1, 2009) (applying West Virginia law and granting summary judgment on lack of causation); *Neal v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1852001 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd*, No. 394 F. App'x 823 (2d Cir. 2010) (summary order); *Morrison v. Eli Lilly & Co.*, No. 08-CV-307, 2009 WL 1851062 (E.D.N.Y. June 22, 2009) (applying Missouri law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Leggett v. Eli Lilly & Co.*, No. 06-CV-5115, 2009 WL 1850970 (E.D.N.Y. June 22, 2009) (applying California law and granting summary judgment on statute of limitations and learned intermediary doctrine); *Misouria v. Eli Lilly & Co.*, No. 06-CV-2782, 2009 WL 1851999 (E.D.N.Y. June 24, 2009) (applying California law and granting summary judgment on learned intermediary doctrine), *aff'd*, 394 F. App'x 825 (2d Cir. 2010) (summary order); *Dean v. Eli Lilly & Co.*, No. 07-CV-4505, 2009 WL 2004540 (E.D.N.Y. July 1, 2009) (applying Florida law and granting summary judgment on learned

intermediary doctrine); *Washington v. Eli Lilly & Co.*, No. 06-CV-2592, 2009 WL 2163118 (E.D.N.Y. July 13, 2009) (applying Michigan law and granting summary judgment on learned intermediary doctrine and lack of causation), *aff'd sub nom. King-Washington v. Eli Lilly & Co.*, 394 F. App'x 827 (2d Cir. 2010) (summary order).

### III. Factual and Procedural History

Plaintiff Arthur R. Swaney, II, seventy years of age, is a resident of Ohio. See Def.'s Stmt. of Undisputed Material Facts ("Def.'s Rule 56.1 Stmt.") ¶ 1. He has a history of psychiatric disorders, including post-traumatic stress disorder, depression, and schizoaffective disorder. *Id.* ¶ 2. He was first treated with antipsychotic and antidepressant medication in April 1989. *Id.* ¶¶ 2-3.

Plaintiff first received Zyprexa in September 2001. He continued to use the medication until September 2004. *See id.* ¶ 4-5.

In February 2006, plaintiff filed suit against Lilly, in an Indiana state court, as part of a multi-plaintiff action. *Id.* ¶ 7 & n.7. That action was settled under the terms of a Master Settlement Agreement ("MSA"), *id.* ¶ 9; plaintiff opted out of the MSA in April 2009. *Id.* ¶ 11. He initiated the instant case in November 2010 by filing a complaint in an Ohio state court. *See id.* ¶ 13.

### IV. Law

#### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see, e.g., Mitchell v. Washingtonville Cent. Sch. Dist.*, 190

F.3d 1, 5 (2d Cir. 1999). Summary judgment is warranted when after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 247-50, 255.

The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact. *See Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). If a moving party appears to meet this burden, the party opposing the motion must produce evidence that raises a question of material fact to defeat the motion. *See* Fed. R. Civ. P. 56(c). This evidence may not consist of "mere conclusory allegations, speculation, or conjecture." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

### B.   Governing Law

A multidistrict litigation transferee court applies the choice of law and statute of limitations rules of the state in which the action was filed. *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Because this action was originally commenced in Ohio, that state's choice of law principles apply.

In tort actions, Ohio courts presume "that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit." *Morgan v. Biro Mfg. Co.*, 474 N.E.2d 286, 289 (Ohio 1984). If the presumption in favor of applying the law of the place of the injury is rebutted, and the court is required to determine which jurisdiction has the most significant relationship with the litigation, Ohio courts will consider (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the

relationship between the parties, if any, is located, and (5) other policy considerations as set forth in Section 6 of the Restatement (Second) of Conflict of Laws. *Id.*; *see, e.g., Am. Interstate Ins. Co. v. G & H Serv. Ctr., Inc.*, 861 N.E.2d 524, 527 (Ohio 2007).

Ohio law controls. Plaintiff was treated with and ingested Zyprexa while residing in Ohio. *See* Def.'s Rule 56.1 Stmt. ¶¶ 3-5 nn.3-5; Pl.'s Fact Sheet 11-12 (Def.'s Ex. 1). Plaintiff continues to live in Ohio, Def.'s Rule 56.1 Stmt. ¶ 1; his alleged injuries were suffered there. *See* Pl.'s Fact Sheet 12-13 (Def.'s Ex. 1). In this case, the presumption in favor of applying Ohio law has not been rebutted.

### C.     Statute of Limitations

Under Ohio law, product liability actions are subject to a two-year statute of limitations. *See* Ohio Rev. Code Ann. § 2305.10(A). An action based on injuries allegedly caused by the use of prescription drugs begins to accrue "upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first." *Id.* § 2305.10(B)(1).

Under Ohio law, filing a complaint in another jurisdiction does not toll the running of the statute of limitations for purposes of a subsequent Ohio action, except in the case of a class action. *See Ruble v. Ream*, No. 03CA14, 2003 WL 22532858, at *7 (Ohio Ct. App. Oct. 29, 2003).

### D.    *Erie* Doctrine and Ohio Affidavit of Merit Requirement

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). A state law is deemed substantive, rather than procedural, if it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Hanna v. Plumer*, 380 U.S. 460, 466 (1965) (internal quotation marks omitted). Application of this test "must be guided by the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Gasperini*, 518 U.S. at 428 (internal quotation marks omitted).

Ohio's Rules of Civil Procedure require complaints that contain one or more medical claims—a term defined in relevant part to mean any claim that is asserted in any civil action against a physician or hospital, or any employee or agent of a physician or hospital, that arises out of medical diagnosis, care, or treatment, *see* Ohio Rev. Code Ann. § 2305.113(E)(3)—to include an affidavit of merit, provided by an expert witness, in which the expert testifies to the facial adequacy of the plaintiff's medical claim. *See* Ohio R. Civ. P. 10(D)(2); Ohio R. Civ. P. 10(D)(2)(d) (noting that an "affidavit of merit is required to establish the adequacy of the complaint.") A failure to comply with this requirement "shall operate as a failure otherwise than on the merits." Ohio R. Civ. P. 10(D)(2)(d).

The United States District Court for the Northern District of Ohio recently concluded that Ohio Rule of Civil Procedure 10(D)(2) is substantive, not procedural, reasoning that disregarding the Ohio rule would significantly affect the outcome of a federal-court action in which a Ohio-law medical claim is asserted, since such an action would be dismissed were it filed in Ohio state

court for failure to state a claim. *See Daniel v. United States*, 716 F. Supp. 2d 694, 698 (N.D. Ohio 2010). That court also suggested that the failure to apply the Ohio rule would lead to horizontal inequity between plaintiffs proceeding in federal court and those proceeding in state court. *See id.*

A number of the United States Courts of Appeals have concluded that similar state-law affidavit requirements are substantive, rather than procedural, under *Erie*. *See, e.g., Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2002); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996).

## V. Application of Law to Facts

Plaintiff was aware that his injuries may have been caused by Zyprexa no later than February 28, 2006, when he sued in Indiana court. Ohio's two-year statute of limitations began to run from that date. The MSA entered into by plaintiff's then-counsel tolled the running of the statute—as to Lilly—on January 3, 2007, Def.'s Rule 56.1 Stmt. ¶ 10; roughly ten months had run. The statute of limitations began to run again against Lilly 30 days after Lilly was informed by Mr. Swaney that he was opting out of the settlement, *see* MSA 8 (Def.'s Ex. 6); Mr. Swaney informed Lilly of that fact in April 2009. Def.'s Rule 56.1 Stmt. ¶ 11. He therefore had some fourteen months—until June 2010—to bring an action in Ohio against Lilly. Plaintiff did not file this action until November 2010. His claims against Lilly are therefore time-barred under Ohio law; *a fortiori*, his claims against the Cleveland defendants and Walgreens are as well.

Plaintiff's failure to include an affidavit of merit would also require that his claims be dismissed. *See* Ohio. R. Civ. P. 10(D)(2). The court does not rely on this ground for dismissal.

9

## VI. Conclusion

For the reasons stated above, all defendants' motions for summary judgment and to dismiss are granted.

The case is dismissed on the merits against all defendants. No costs or disbursements.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Date: November 4, 2011
Brooklyn, New York